UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE W. MARKS, ) | |
| ) | CASE NO.1:10 CV 1136 |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| MORGAN STANLEY DEAN WITTER ) | |
| COMMERCIAL FINANCIAL SERVICES, ) | |
| INCORPORATED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This case is before the Court on Defendants Morgan Stanley Dean Witter Commercial Financial Services, Incorporated and Dean Witter Reynolds, Inc. ("Morgan Stanley"), Linda Cain, Timothy Adkins, George Kolar, and Cindy DeLeo's Motion to Strike And/Or Dismiss All Counts of Plaintiff's Refiled Complaint Except Count One – Plaintiff's Employment Discrimination Claim – And to Dismiss Defendants Cain and Adkins. (ECF #4). Plaintiff, Bruce Marks, opposes the motion and has filed a Motion to Remand for lack of diversity of the parties. (ECF #8). Defendants also filed a Response to Plaintiff's Memorandum in Opposition and Motion to Remand. (ECF #9). Having carefully reviewed the submissions of the parties, and all

of the relevant law, the Court hereby DENIES Defendants' Motion to Dismiss portions of the Complaint (ECF #4), and GRANTS Plaintiff's Motion to Remand. (ECF #9).

Before the Court can rule on Defendants' Motion to Strike and/or Dismiss portions of the Plaintiffs' Complaint, its jurisdiction must be addressed. The federal statute governing the removal of civil actions permits a defendant to remove a case from a state court to a federal district court if the federal court has original jurisdiction based on diversity of citizenship or federal question. *See* 28 U.S.C. § 1441(b) (2003). A defendant who removes a case from state court bears the burden of establishing the existence of diversity jurisdiction and/or federal-question jurisdiction. *See Ahern v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6 th Cir. 1996). In order for a case to be removed to federal district court under diversity jurisdiction, complete diversity must exist at the time of removal. *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6 th Cir. 1999) (stating diversity determined at time of removal). Complete diversity exists when no plaintiff and no defendant are citizens of the same state. *See Jerome-Duncan, Inc., v. Auto-By-Tel*, 176 F.3d 904, 907 (6 th Cir. 1999).

This action was originally filed in the Cuyahoga County Common Pleas Court, on March 29, 2010,[1] and was timely removed by the Defendants to federal court on the premise of diversity of the parties. As originally filed, this case does not meet the requirements of complete diversity. Defendants agree that Defendants Ms. Cain and Mr. Adkins are Ohio citizens, and their inclusion as defendants destroys diversity under 28 U.S.C. §1332. However, they argue that Ms. Cain and

---

[1] Both parties agree that this action is identical to an action previously filed by the Plaintiff in the Cuyahoga County Common Pleas court in June of 2003. It is, however, a separately filed action, and the time for removal began running when this action was filed in March of 2010, and not, as Plaintiff has suggested, when the identical earlier case was filed in 2003.

Mr. Adkins were fraudulently or improperly included as parties, and should be dismissed and disregarded for diversity purposes.

The Court recognizes that the fraudulent joinder of non-diverse defendants cannot defeat removal based on diversity grounds. *See Coyne*, 183 F3d at 493; *Millennium Chems., Inc. v. Lumbermens Mut. Cas. Co.*, No. 1:00 CV 1862, 2001 U.S. Dist. LEXIS 20974, at * 7-8 (N.D. Ohio March 13, 2001). If Ms. Cain and Mr. Adkins were indeed fraudulently joined, the court must disregard their inclusion as defendants when deciding diversity jurisdiction. As a result, complete diversity would exist and the federal jurisdictional requirements would be satisfied.

A defendant has been fraudulently joined if there can be "no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Stated more succinctly, the question is whether a colorable cause of action exists against the non-diverse defendant. *Jerome-Duncan, Inc.*, 176 F.3d 904, 907 (1994); *see also Alexander,* 13 F.3d at 949 (stating the inquiry is "whether there is arguably a reasonable basis for predicting that the state law *might* impose liability on the facts involved") (emphasis added). To establish improper joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne ex rel. Ohio v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)(citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

In evaluating fraudulent joinder, the district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *See Coyne*, 183 F.3d at 493. As the district court in *Little* observed, the underlying inquiry into

fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed. R. Civ. P 12(b)(6), but is even more deferential to the Plaintiffs.  *See Little v. Perdue Pharma, L.P*., 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (quoting *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 852 (3d Cir. 1992), in stating that a 12(b)(6) inquiry is "more searching than permissible" under a fraudulent joinder evaluation); *see also Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4$_{th}$ Cir. 1999) (stating that the plaintiff gets "more favorable treatment in a fraudulent joinder inquiry than . . . in a 12(b)(6) inquiry").  Given the deference in a fraudulent joinder inquiry, the *Little* court held that a colorable claim existed if there was a basis for the claim in the laws of the state where the claim was brought.  *Littl*e, 227 F. Supp. 2d at 847.  The inquiry into whether facts of the case actually support the claim is not a jurisdictional issue, but is "more appropriately left for the court which ultimately takes control of the case."  *Id.*  It is under the backdrop of the preceding principles that this court evaluates the Defendants' assertions of fraudulent joinder.

Defendants claim that federal diversity jurisdiction exists over this case because there is no colorable ground in support of Plaintiff's claims against Ms. Cain and Mr. Adkins, the only Ohio resident Defendants in this case.  Defendants assert that the only claim properly before the Court is the employment discrimination claim, and that there are facts or allegations sufficient to establish a case against these Defendants for employment discrimination.

The Defendants' arguments fail for two reasons.  First, this Court cannot consider the defense of res judicata on the non-discrimination claims, unless and until it determines that it has jurisdiction over this action.  Therefore, the Court must view the Complaint as a whole when making the jurisdictional determination.  Defendants do not even argue that Ms. Cain and Mr. Adkins were improperly named in non-discrimination claims.  Therefore, they cannot satisfy their

4

burden of establishing that these Defendants were improperly joined as Defendants in this case at the time of removal. Further, the history of the case shows that the non-discrimination claims were not dismissed from the prior related action when it was determined that they should be arbitrated. The decision from the Ohio Supreme Court made clear that these same claims, when brought in the related action, were stayed pending arbitration but were not dismissed. The Ohio Supreme Court held "[a]rbitration does not normally require dismissal of the claims referable to arbitration; it warrants only a stay of those claims pending arbitration." *Morgan Stanley Dean Witter Commercial Fin. Servs., Inc. v. Sutula*, 185 Ohio App.3d 152, ¶ 3 (Ohio 2010)(per curiam). Therefore, they remained a part of the related case, and would for the same reasons, likely remain a part of this case, even if they are subject to arbitration. There has been no argument that Ms. Cain and Mr. Adkins are not properly named in the case, so long as these non-discrimination claims are considered part of the action.

Even if the Court were to look only at the discrimination claim, there is no evidence that Ms. Cain and Mr. Adkins were improperly joined in the action.[2] These two defendants were named in the original case, filed in 2003, under identical claims. Defendants have offered no evidence that they ever sought to have them dismissed from the previous case, or that any Court

---

[2] Even if the Court were to find that the Complaint does not assert a colorable claims against these two Defendants, there is absolutely no evidence to suggest that their addition was fraudulent with an intent to avoid federal jurisdiction. Because the identical case was brought in the Ohio Court in 2003, without any challenge to the propriety of these defendants, and without Defendants attempting removal to the federal court, there is no reason to believe that the inclusion of Ms. Cain and Mr. Adkins in the second filed suit was somehow directed at avoiding diversity for purposes of federal jurisdiction.

found their involvement in the case to be improper, fraudulent, or unsupported by the evidence.[3] Further, the grounds on which Defendants would have them dismissed and deemed improper parties, is the same grounds on which they have sought summary judgment against the remaining Defendants. (ECF # 11). In other words, Defendants would have the Court decide the factual issues in the action prior to determining (or in order to determine) the issue of jurisdiction. This cannot be appropriate. As set forth above, the standard for jurisdictional review is at least as if not even more deferential to the Plaintiff than the standard for a Fed. R. Civ. Pro. 12(b)(6) motion to dismiss. The causes of action alleged against Ms. Cain and Mr. Adkins exists in Ohio law, and Defendants have not shown that these claims would fail to survive a motion to dismiss. Therefore, Plaintiff has stated colorable claims against Ms. Cain and Mr. Adkins. The sufficiency of the evidence against these Defendants is not a consideration to be evaluated when determining the Court's jurisdiction. Therefore, the Court finds that Ms. Cain and Mr. Adkins were not improperly or fraudulently joined, complete diversity between the adverse parties did not exist at the time of removal, and federal jurisdiction based on diversity is not proper in this case.

---

[3] This Court has not reviewed the docket or the pleadings filed in the 2003 case, as it is the Defendants burden to prove that removal was proper, and the Court has no obligation to seek out information or evidence not presented by the parties.

For the reasons set forth above, Plaintiff's' Motion to Remand is GRANTED (ECF #8), and Defendants' Motion to Strike and/or Dismiss All Counts of Plaintiff's Refiled Complaint Except Count One – Plaintiff's Employment Discrimination Claim – And to Dismiss Defendants Cain and Adkins (ECF # 4) is DENIED.  The inclusion of Ms. Cain and Mr. Adkins as Defendants in this action destroys diversity, and renders Defendants removal improper under 28 U.S.C. §1441.  This case is, therefore, remanded to the Cuyahoga County Common Pleas Court for all further proceedings.   IT IS SO ORDERED.

    /s/Donald C. Nugent  
    DONALD C. NUGENT  
    United States District Judge

DATED:   October 27, 2010